REQUESTED BY: Scott Moore Nebraska Secretary of State Chairman, Collection Agency Licensing Board
The Nebraska statutes dealing with the operation and licensing of collection agencies in Nebraska, known as the Collection Agency Act (the "Act"), are found at Neb. Rev. Stat. §§ 45-601 through 45-623 (1993, Supp. 1994). Those statutes provide generally for the creation of the Collection Agency Licensing Board (the "Board"), the licensing of collection agencies, and the disposition of complaints against collection agencies in Nebraska. You serve as Chairman of that Board, and you sent us an opinion request letter in which you stated that it has long been the Board's practice to hear complaints against licensed collection agencies made by customers or clients of those licensees based upon the clear authority set out in §45-613. Recently, however, the Board apparently received a complaint against a licensed collection agency from another licensee under the Act. That complaint prompted two questions from you. You first asked, "[d]oes the Nebraska Collection Agency Licensing Board have authority to hold hearings or act upon complaints filed by a licensee against another licensee?"
The statute which pertains directly to your inquiry is Neb. Rev. Stat. § 45-613 (1993). It provides, in pertinent part:
 The [Collection Agency Licensing] board may, upon its own motion, and shall, upon the sworn complaint of any customer or client of a licensee, cite such licensee or solicitor of such licensee to appear before it at a time and place as set forth in such citation to show cause, if any, why such license or certificate should not be suspended or revoked. Such citation shall be in writing and shall set forth the exact charges against the licensee or solicitor, and a true copy thereof shall be served on such licensee or solicitor at least twenty days prior to the day of hearing in the same manner as summons of the district courts are served. . . .
Section 45-613 obviously gives the Board specific authority to hold hearings and act upon complaints filed by a customer or client of a licensed collection agency. However, that statute does not grant specific authority to the Board in the same fashion to hear complaints filed by one licensee against another. Nevertheless, the Board does have authority under § 45-613 to cite licensees for potential license revocation "upon its own motion." We believe that the latter language gives the Board authority to hear a complaint filed by one licensee against another, provided that the complaint is of sufficient gravity so that the Board determines, "on its own motion," that a citation is appropriate.
You next asked, "[i]s the Nebraska Collection Agency Licensing Board required to hold a hearing upon receipt of a sworn complaint from a licensee?"
Under Nebraska law, the word "may" when used in a statute is given its ordinary meaning unless the meaning would manifestly defeat the object of the statute, and when used in a statute, "may" is permissive and discretionary, not mandatory. Stateex rel. Scherer v. Madison County Commissioners of MadisonCounty, 247 Neb. 384, 527 N.W.2d 615 (1995). Since we believe the Board's authority to consider complaints by one licensee against another grows out of that portion of §45-613 which states that the Board "may, upon its own motion" cite a licensee for violations of the Act, and since "may" as used in a statute is permissive and discretionary, not mandatory, it seems to us that the Board is not required to hold a hearing upon a sworn complaint from a licensee. Instead, if the Board determines, on its own motion, that a complaint by a licensee is of sufficient gravity to warrant a citation and a hearing, it may proceed under those circumstances. However, it is not required to do so.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
_________________________ Attorney General